UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CANDIE YER HERR and ERIC ZOOVES HERR,

    Petitioners,

v.                                                    Case No. 25-cv-1138-pp

HELEN LUDWIG, SCOTT HALLOIN
and DAVID BOROWSKI,

    Respondents.

**ORDER DENYING PETITIONERS' MOTION TO AMEND PETITION (DKT. NO. 12), DENYING AS MOOT RESPONDENTS' MOTIONS TO DISMISS (DKT. NOS. 6, 9), DENYING PETITIONERS' MOTION FOR PRELIMINARY HEARING AND TO SEAL CASE (DKT. NO. 13), SCREENING PETITION AND DISMISSING CASE**

On August 1, 2025, the petitioners—representing themselves—filed a document titled "Motion for Writ of Mandamus," seeking to compel their bankruptcy trustee, Helen Ludwig, to perform certain actions and to sanction Attorney Scott Halloin and Milwaukee County Circuit Court Judge David Borowski for allegedly violating the automatic stay during their bankruptcy case. Dkt. No. 1. Respondents Halloin and Ludwig both have moved to dismiss the petition. Dkt. Nos. 6, 9. There are pending motions from the petitioners to amend the petition and for an extension of time to respond to the motions to dismiss, dkt. no. 12, and a motion for a preliminary hearing and to seal the case, dkt. no. 13.

Because this court does not have the power to issue a writ of mandamus against any of the respondents, the court will dismiss the petition and this case.

1

## I. Background

### A. The Petition

The petitioners are seeking a writ of mandamus against Helen Ludwig, whom they state is a "United States Bankruptcy Trustee/officer," as well as against Attorney Scott Halloin and Judge David Borowski. Dkt. No. 1 at ¶¶1–2. The petitioners assert that they are seeking "to preserve the integrity of bankruptcy protection and prevent unlawful judicial interference" by the respondents, who they allege "have taken actions that violate automatic stay provisions and federal supremacy under the Bankruptcy Code." Id. at 2.

The petitioners allege that they were "forced and driven into Bankruptcy Court, on May 20th, 2025, as a result of actions by lower court, default judgments, unruly decisions, orders, threats of sanctions, contempt and possible jail time." Id. They say that they have "filed a motion with the bankruptcy judge for payment of the debt owed to the United States and assigned valid instruments to the bankruptcy Trustee, Helen Ludwig for performance, but no response nor relief has been granted." Id.

The petitioners allege that in three state court cases, Attorney Halloin "entered default judgments without valid service or jurisdiction, without material evidence or proof of claim; seized property of Enduring Love International Center and funds that belonged to Enduring Love International church," a church associated with the petitioners, but not a party to this case. Id. at 3. The petitioners allege that this "damaged the reputation, and ministry works of the petitioners, caused extreme financial hardship and loss; [and] caused social persecution and irreparably harmed the religious liberties of the plaintiffs." Id. The petitioners assert that there is a pending foreclosure case against them even though the subject property has "already been seized by the

2

named respondents." Id. The petitioners allege that Attorney Halloin, a creditor in their bankruptcy case, has violated the automatic bankruptcy stay "in an attempt to usurp judicial power alongside Judge David Borowski, enforcing orders and efforts with threats of sanction, contempt and jail time if the petitioner does not present in state court; using undue influence in an attempt to bypass the United States Federal Bankruptcy court jurisdiction." Id. at 3–4. The petitioners allege that their "problems" are caused by Halloin's "inability and his unwillingness to abide by his constitutional oath (SCR 40.15 Attorney's oath) especially his cause for personal lucre and malice." Id. at 4. The petitioners state that they are concerned that Halloin "may continue to attempt to attack the petitioners further by his false narrative, blatant threats, religious persecution and continue to violate his constitutional oath to the State of Wisconsin and the United States." Id.

The petitioners allege that on June 13, 2025, they filed a motion with the bankruptcy court "for payment to the United States which has gone unanswered/unnoticed due to the probable jurisdictional division between equity and law." Id. at 4–5. They contend that they presented Trustee Ludwig with "an assignment letter with valid certified instruments of debts on July 17, 2025," which they assert imposed a duty on Ludwig "to perform under 28 U.S.C. 583 which not only was not performed but petitioners were reprimanded and publicly ridiculed for presenting the adequate consideration due the United States." Id. at 5. The petitioners allege that they have "no speedy remedy at law" and have "exhausted all remedies," resulting in "lost property, finances, ministries, times, religious works, and private members due to unnecessary slander and covert actions to sabotage the reputation and works of the petitioners whose private lives have been dedicated to their religious covenants

3

and members." Id. The petitioners contend that Ludwig, as a trustee, has a duty to "perform the assignment that was provided to her" and that she has a "nondiscretionary obligation to enforce the automatic stay and protect estate assets." Id. at 5–6. The petitioners argue that "continued state proceedings violate federal court jurisdiction and frustrate Petitioner's rights under bankruptcy law." Id. at 6.

The petitioners ask this district court to issue a writ of mandamus; to issue a writ "compelling the Bankruptcy Judge and Trustee to enforce the automatic stay"; to issue an "indefinite injunction against Scott Halloin, for his reckless, unnerving and frightening behavior towards the petitioners and the private, religious organization and all private interests moving forward"; to "[d]eclare every case, judgements [sic] and liens, that Scott Halloin has been involved with in regards to petitioners be null and void"; to "[o]rder immediate turnover of seized assets"; and to award sanctions for violating the automatic stay. Id. at 6–7.

With the mandamus petition, the petitioners filed 163 pages of exhibits, including several emails that appear to be privileged attorney-client communications. All filings in federal court are public unless the court grants a properly filed motion to restrict or seal the documents. Publicly filing attorney-client communications may constitute a waiver of the attorney-client privilege on communications related to the same subject matter. See Acantha LLC v. DePuy Orthopaedics Inc., Case No. 15-C-1257, 2017 WL 5186376, at *6 (E.D. Wis. Nov. 8, 2017) (citing Fort James Corp. v. Solo Cup Co., 412 F.3d 1340, 1349 (Fed. Cir. 2005)). The remaining exhibits appear to be state court dockets for the referenced state court cases and the petitioners' bankruptcy court filings.

4

B. Procedural History

As stated, respondents Halloin and Ludwig both have moved to dismiss the petition. Dkt. Nos. 6, 9. The petitioners did not file a response to either motion within the twenty-one days allowed by this court's Civil Local Rule 7(b) (E.D. Wis.). Because the petitioners are not represented by counsel and may not have been aware of the twenty-one-day deadline, the court gave them a short extension of time—until October 17, 2025—by which to file a response to the motions to dismiss. Dkt. No. 11.

On October 10, 2025, the court received from the petitioners two motions. Dkt. Nos. 12, 13. The first is captioned "Motion for Leave to Clarify/Specify Jurisdiction, To Amend Mandamus and To file a Response to Motions to Dismiss from Defendant Scott Halloin (dkt. No. 6) and defendant Ludwig (dkt. No. 9)." Dkt. No. 12. This appears to be a motion for leave to amend the mandamus petition and a request for a further extension of time to respond to the motions to dismiss. Id. The second motion is a letter with the subject line "Urgent Pro Se Request for Sealing and for the Court's Protection Under Article III Jurisdiction." Dkt. No. 13. The petitioners filed this letter in all three of their pending civil cases; it asks the court to schedule a hearing and to seal the cases. Id. Then, on October 17, 2025, the court received from the petitioners a one-page response to the respondents' motions to dismiss, "asking and seeking constitutional protection and knocking on the door of Equitable Jurisdiction to bring hope and faith back to the individuals/Petitioners and who have suffered irreparable harm." Dkt. No. 14 at 1.

5

**II. Motion to Amend**

A. <u>Petitioners' Arguments</u>

The petitioners state that they are seeking to amend their petition for a writ of mandamus "to provide essential clarification on jurisdictional grounds; to move from statutory jurisdiction to Article III/Equity jurisdiction in this court, allowing enlargement of the bankruptcy jurisdiction and amend the parties involved, including more details and exhibits ensuring the Court has a complete and precise basis upon which to grant the requested equitable relief." Dkt. No. 12 at ¶2. They advise that they filed two additional cases in this court—what they refer to as "Non Statutory Petitions . . . for Mandatory Injunction and Equitable Relief . . . and Specific Performance." <u>Id.</u> at ¶5. They assert that these cases "are not meant to be duplicative." <u>Id.</u>

The petitioners argue that leave to amend should be freely given and state that their proposed amendments are intended "to cure a jurisdictional defect." <u>Id.</u> at ¶6. They state that the proposed amendments "will clarify" that the court has jurisdiction over this case and will ask that this court "issue a writ that enlarges the jurisdiction of the United States Bankruptcy Court." <u>Id.</u> at 3. The petitioners state that they wish to "correctly name all necessary parties," but do not identify the parties they wish to add to the case. <u>Id.</u> at 3–4. The petitioners did not attach to their motion a complete, proposed, amended petition.

B. <u>Analysis</u>

Because the petitioners seek to amend their petition more than twenty-one days after respondent Halloin filed his motion to dismiss, they may amend the petition only with leave of court. <u>See</u> Fed. R. Civ. P. 15(a). But the court cannot grant that leave, because the petitioners' motion does not comply with

6

this court's Local Rules governing motions to amend pleadings. Civil L.R. 15(a) states that "[a]ny amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference." A motion to amend a pleading "must state specifically what changes are sought" and file the entire proposed amended pleading attached to the motion to amend. Civil L.R. 15(b). The petitioners did not file a proposed amended pleading and did not specifically state what changes they sought beyond general statements that they would "clarify" this court's jurisdiction and add additional, unnamed parties. Even self-represented litigants must comply with the court's procedural rules. Coleman v. Goodwill Indus. of Se. Wis., Inc., 423 F. App'x 642 (7th Cir. 2011) ("Though courts are solicitous of [self-represented] litigants, they may nonetheless require strict compliance with local rules."). The court must deny the petitioner's motion to amend for failure to comply with court rules.

The petitioners have filed two other civil cases in this district with claims arising out of the same facts as those alleged in this case. See Herr, *et al.* v. Halloin, *et al.*, Case No. 25-cv-1518-pp; Herr, *et al.* v. Blise, *et al.*, Case No. 25-cv-1519-pp. Those cases seek injunctive relief rather than mandamus relief. The petitioners state that the two later-filed cases are "are not meant to be duplicative" of this case. The court assumes that the petitioners intended to continue pursuing a writ of mandamus in this case. If so, even if the petitioners had complied with this court's Local Rules regarding amending pleadings, the amendment would be futile for the reasons the court will discuss below.

7

### III. Screening the Petition

#### A. Legal Standard

The petitioners have paid the statutory fee for filing this case. But "district courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status." Rowe v. Shake, 196 F.3d 778, 783 (7th Cir. 1999); see also Rezny v. Wis. Dep't of Fin. Insts., Case No. 22-C-1285, 2022 WL 17551151 at *1 (E.D. Wis. Dec. 9, 2022) (stating that courts are free to screen a complaint for a self-represented plaintiff who has paid the full filing fee under 28 U.S.C. §1915(e)(2)). The court will exercise that authority here.

At the screening stage, the court must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b); see also Tabb v. Jeffreys, Case No. 20-CV-00511, 2020 WL 3414616, at *1 (S.D. Ill. June 22, 2020) (applying §1915A screening standard to *pro se* petition for writ of mandamus). A document filed by a self-represented litigant must be "liberally construed." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted). Similarly, a complaint filed by a self-represented litigant, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Id.

Even though courts liberally construe their filings, self-represented litigants still must comply with Federal Rule of Civil Procedure 8(a)(2), which requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To state a claim against the defendants, the complaint must contain allegations that

8

"'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth. Id. at 663–64.

The petitioners are seeking mandamus relief under 28 U.S.C. §1361. That statute grants district courts the jurisdiction "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. §1361. Mandamus "is a drastic and extraordinary remedy reserved for really extraordinary causes." Cheney v. U.S. Dist. Ct. for D.C., 542 U.S. 367, 380 (2004) (internal quotation marks omitted). "[O]nly exceptional circumstances amounting to a judicial usurpation of power . . . or a clear abuse of discretion . . . will justify the invocation of this extraordinary remedy." Id. (quotation marks and citations omitted). The Seventh Circuit has provided the following guidance for lower courts to use in determining whether a district court may issue a writ of mandamus:

> The Supreme Court has emphasized that "[t]he common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). If a plaintiff's allegations survive *Ringer*'s jurisdictional threshold, three elements must be met in order for the court to issue a writ: "(1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and peremptory duty on the part of the defendant to do the act in question; (3) no other adequate remedy available." *Burnett v. Bowen*, 830 F.2d 731, 739 (7th Cir. 1987).

Center for Dermatology and Skin Cancer, Ltd. v. Burwell, 770 F.3d 586, 590 (7th Cir. 2014). Federal courts can grant mandamus relief only against "an officer or employee of the United States or any agency thereof," 28 U.S.C.

9

§1361, and cannot grant mandamus relief against state or local officials, Tabb, 2020 WL 3414616, at *1; see also Lessard v. State of Wisconsin, 449 F. Supp. 914, 915 (E.D. Wis. 1978). Nor can the court grant mandamus relief against private parties. See Syngenta Crop Prot., Inc. v. Drexel Chem. Co., 655 F. Supp. 2d 54, 62 (D.D.C. 2009); Dist. 2, Marine Eng'rs Beneficial Ass'n, Associated Mar. Officers, AFL-CIO v. Adams, 447 F. Supp. 72, 75 (N.D. Ohio 1977).

B. Analysis

The petitioners are seeking mandamus relief against a private bankruptcy trustee, a private attorney and a state court judge. Not one of these individuals is "an officer or employee of the United States or any agency thereof" and thus none of them are not within this court's mandamus jurisdiction.

The petitioners appear to believe that Trustee Ludwig is an officer or employee of the United States because she is a bankruptcy trustee. See Dkt. No. 1 at 6 ("Trustee Helen Ludwig must perform her duties as the United States Trustee and officer, under her oath . . ."). There *are* trustees who are federal employees of the United States Department of Justice—they are called "U.S. Trustees." But one of the duties of a federally employed U.S. Trustee is to "establish, maintain, and supervise a panel of *private* trustees that are eligible and available to serve as trustees in cases under chapter 7 of title 11." 28 U.S.C. §586(a)(1) (emphasis added). Trustee Ludwig is not a *United States* trustee. She is a *private attorney* appointed to serve as a trustee in the petitioner's bankruptcy case. As a private trustee, she is not an officer or employee of the United States. See, *e.g.*, Mohns, Inc. v. Lanser, 522 B.R. 594, 596 (E.D. Wis. 2015) ("Generally, Chapter 7 trustees are private parties, not

10

Case 2:25-cv-01138-PP    Filed 10/30/25    Page 10 of 15    Document 15

employees of the federal government, and are appointed to serve on specific Chapter 7 cases by the United States Trustee."); Estate of Watter v. Fox, 71 F.4th 547, 553 (7th Cir. 2023) (recognizing that chapter 7 trustees "are not federal employees; they are private representatives appointed or elected to protect a bankruptcy estate."). The court cannot issue a writ of mandamus against respondent Ludwig because she is not an officer or employee of the United States.

The petitioners appear to argue that respondent Halloin is an officer or employee of the United States because he has a "constitutional oath (SCR 40.15 Attorney's oath)" he must follow. Dkt. No. 1 at 4. "SCR 40.15 Attorney's oath" presumably refers to Wisconsin Supreme Court Rule 40.15, which prescribes the oath attorneys must affirm to be admitted to the practice of law in Wisconsin. Swearing an oath to "support the constitution of the United States and the constitution of the state of Wisconsin" does not render an individual an officer or employee of the United States. Every single member of the Wisconsin legal bar has sworn that same oath. Attorney Halloin is a private attorney who works for a private law firm. The court cannot issue a writ of mandamus against Halloin because he is not an officer or employee of the United States.

The petitioners seek a writ of mandamus against Milwaukee County Circuit Court Judge David Borowski for alleged violations of the automatic bankruptcy stay. Dkt. No. 1 at 4. Again, Judge Borowski is not a federal officer or employee. He is a state court judge. Federal courts cannot "issue mandamus to a state judicial officer to control or interfere with state court litigation." In re Campbell, 264 F.3d 730, 731 (7th Cir. 2001). The petitioners are asking the court to compel Judge Borowski to stop taking actions in a state court case

11

over which he is presiding. That is asking this court "to control or interfere with state court litigation," which it does not have the authority to do. The court cannot issue the writ of mandamus against Judge Borowski.

For these reasons, the court must dismiss the petition. Although district courts generally give civil plaintiffs at least one opportunity to amend their pleadings, the court need not do so "when 'it is certain' that amendment would be futile." See Fields v. Miller, Case No. 21-1419, 2022 WL 1011666, at *3 (7th Cir. Apr. 5, 2022) (citing Runnion *ex rel.* Runnion v. Girl Scouts of Greater Chi. & Nw. Ind., 786 F.3d 510, 519–20 (7th Cir. 2015)). Here, amendment would be futile because the court has no power to issue a writ of mandamus against any of the respondents. The court will dismiss this case without leave to amend.

### IV. Remaining Motions

Because the court is dismissing the petition at screening, the court need not address the respondents' motions to dismiss and will deny them as moot. The court also will deny the petitioners' request for an extension of time to respond to the motions to dismiss as moot. The court is dismissing the petition and this case without leave to amend, so it will deny as moot the petitioners' motion for a preliminary hearing.

The petitioners also asked the court to seal this case. They argue that their "lives have been consumed by the dangerous and vengeful campaign of Scott Halloin" which they contend has resulted in the incarceration and bankruptcy of several members of their community. Dkt. No. 13 at 1–2. The petitioners believe that Halloin was able to influence the criminal prosecution of non-party Kay Yang and has threatened to "do to Candie Herr, what happened to Kay Yang." Id. at 2. They assert that they "fear for [their] physical safety and the safety of [their] church members if these cases become publicly

12

known through unsealed court documents." Id. They argue that "[t]his is a necessary measure to protect [them] from further harm and to allow [their] plea for justice to be heard in a safe and secure forum." Id. at 3.

This district's General L.R. 79(d) states that any document or material filed with the court is considered public "unless, at the time of filing, it is accompanied by a separate motion requesting that: access to the document be restricted to the Court and counsel for the parties; or that the document or material, or portions thereof, be sealed by the Court." The motion must describe what the moving party wishes to restrict or seal and provide "sufficient facts demonstrating good cause for withholding the document or material from the public record." Gen. L.R. 79(d)(2)–(3). "Absent a sufficient factual basis demonstrating good cause sufficient to seal the documents or materials, the motion *must* be denied." Gen. L.R. 79(d)(3) (emphasis added).

The Seventh Circuit places a high burden on parties seeking to seal parts of the judicial record. "Secrecy in judicial proceedings is disfavored, as it makes it difficult for the public (including the bar) to understand why a case was brought (and fought) and what exactly was at stake in it and was the outcome proper." GEA Grp. AG v. Flex-N-Gate Corp., 740 F.3d 411, 419 (7th Cir. 2014). The longstanding rationale for such transparency and presumption of public access is that "the public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 945 (7th Cir. 1999) (citations omitted). "That interest does not always trump the property and privacy interests of the litigants, but it can be overridden only if . . . there is good cause for sealing a part or the whole of the record in that case." Id. (citations omitted). The Seventh Circuit has stated that it "does not look

13

favorably on indiscriminate, reflexive motions to seal the . . . record, but narrow, specific requests will be granted when based on articulated, reasonable concerns for confidentiality." KM Enters., Inc. v. Global Traffic Techs., Inc., 725 F.3d 718, 734 (7th Cir. 2013). Sealing an entire case is only appropriate in "extreme cases." Jessup v. Luther, 277 F.3d 926, 928 (7th Cir. 2002) ("When there is a compelling interest in secrecy, as in the case of trade secrets, the identity of informers, and the privacy of children, portions and in extreme cases the entirety of a trial record can be sealed.").

The petitioners' motion to seal does not comply with this court's Local Rules or the standards set by the Seventh Circuit. First, the petitioners did not file the motion to seal at the same time as they filed their case or the documents they are seeking to seal. Second, they do not specify what material should be sealed; it appears they are seeking to seal the entire case. Third, the petitioners did not file redacted versions of the documents they seek to seal. Fourth, the petitioners have not provided sufficient facts establishing good cause. The petitioners express fear over retaliation from Halloin, but the petitioners named Halloin as a party to this case. Halloin is aware of and has seen all the documents filed in this case. It isn't clear to the court how sealing the case now would protect the petitioners from Halloin's purported retaliation if Halloin is already aware of this case. The court will deny the petitioners' motion to seal this case.

### V. Conclusion

The court **DENIES** the petitioners' motion to amend their mandamus petition. Dkt. No. 12.

The court **ORDERS** that this case is **DISMISSED** for failure to state a claim. The clerk will enter judgment accordingly.

The court **DENIES AS MOOT** respondent Halloin's motion to dismiss. Dkt. No. 6.

The court **DENIES AS MOOT** respondent Ludwig's motion to dismiss. Dkt. No. 9.

The court **DENIES AS MOOT** the petitioners' motion for an extension of time to respond to the motions to dismiss. Dkt. No. 12.

The court **DENIES AS MOOT** the petitioners' motion for a preliminary hearing and **DENIES** the petitioners' motion to seal. Dkt. No. 13.

Dated in Milwaukee, Wisconsin this 30th day of October, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

15

Case 2:25-cv-01138-PP    Filed 10/30/25    Page 15 of 15    Document 15